UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil No. 3:21-cv-00347

| | |
|---|---|
| JOEL I. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| S B & J ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, Joel I. Anderson ("Plaintiff" or "Anderson"), through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Defendant S B & J Enterprises, Inc. ("Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, for Defendant's failure to pay Plaintiff earned minimum wages. Defendant paid Plaintiff sub-minimum wages but disregarded the tip credit provisions of the FLSA and thus violated the federal minimum wage laws by: (1) failing to inform Plaintiff of the provision of the tip-credit subsection of the FLSA and (b) requiring Plaintiff to share tips with management employees who do not customarily and regularly receive tips.

## THE PARTIES

2. Anderson is an adult individual who is a resident of Charlotte, North Carolina.

3. Defendant is a domestic business corporation incorporated under the laws of North Carolina with its principal place of business located at 1224 S. Mint Street, Charlotte, North Carolina.

**JURISDICTION AND VENUE**

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

5. This Court has personal jurisdiction because Defendant conducts business in Mecklenburg County, North Carolina, which is within this judicial district.

6. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged occurred in Mecklenburg County, North Carolina.

**COVERAGE ALLEGATIONS**

7. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## PLAINTIFF'S FACTUAL ALLEGATIONS

11. Defendant is a company that owns and operates concessions in Charlotte Douglas International Airport ("CDIA") in Charlotte, North Carolina. Defendant is CDIA's the longest standing concessionaire, having operated for more than thirty (30) years. Defendant owns and operates six different concessions, including Taproom, formerly known as Uptown Bar & Lounge.

12. Defendant employed Anderson from on or about March 15, 2017 until November 2019, at the Uptown Bar & Lounge as a bartender. In or about November 2019, the "Uptown Bar & Lounge" changed its name to "Taproom," where Anderson continued working as a bartender. Defendant terminated Plaintiff on April 9, 2021.

13. Defendant paid Anderson an hourly rate less than the full applicable federal minimum wage.

14. Defendant failed to inform Anderson of the provisions of the tip-credit subsection of the FLSA.

15. Defendant required Plaintiff to participate in a mandatory tip pooling arrangement amongst all bartenders. On a regular basis, including one or more workweeks Plaintiff was employed by Defendant, Plaintiff was required to share tips with Defendant's General Manager and/or supervisors who are not permitted to retain tips under the FLSA.

16. Defendant's failure to comply with the terms of the tip-credit requirements of the FLSA taking a tip-credit against minimum wages was a willful violation of the FLSA.

**(Violation of FLSA – Minimum Wages)**

17. Plaintiff incorporates by reference paragraphs 1-16 of his Complaint.

18. Defendant violated the FLSA by failing to pay all minimum wages earned by Plaintiff.

19. Defendant violated the FLSA by failing to provide notice of the tip-credit provisions of the FLSA.

20. Defendant violated the FLSA by requiring Plaintiff to share tips with non-tipped workers in one or more individual workweeks, this violating the tip-credit provisions of the FLSA.

21. Defendant violated the FLSA by failing to keep, make, and preserve accurate records of all tips received by and distributed to Plaintiff.

22. Defendants' violation of the FLSA was willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

a) An Order under Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order pursuant to the NCWHA finding Defendant liable for unpaid back wages and liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

f) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

g) An Order granting such other and further relief as may be necessary and appropriate.

Dated: Thursday, July 15, 2021.

Respectfully submitted,

/s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
E-Mail: phil@gibbonslg.com
corey@gibbonslg.com

*Attorneys for Plaintiff*